UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD MCKINLEY | ) | CASE NO.: 08-35040(1)(13) |
| DENISE MECHELLE MCKINLEY | ) | |
| | ) | |
| Debtors | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Avoid Lien of Debtors Ronald McKinley, Sr. And Denise Mechelle McKinley ("Debtors") and the Objection to Claim No. 2 of Martha Williams Wilson ("Wilson"). The Court considered the Motion and Objection of the Debtors, the Responses thereto of Wilson, the comments of counsel at the hearing held on the matters and the briefs of the parties. For the following reasons, the Court **GRANTS** the Debtors' Motion to Avoid the Lien and **SUSTAINS** the Objection to Claim No. 2 of Wilson.

## FINDINGS OF FACT

Debtor Ronald McKinley ("McKinley") and his ex-wife, Wilson, were divorced by entry of a Divorce Decree in Jefferson Circuit Court on December 17, 2001. McKinley and Wilson entered into a Property Settlement Agreement in which McKinley agreed to pay a portion of a debt secured by a mortgage on real estate used by the parties as the marital residence.

On June 16, 2003, McKinley filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On September 30, 2003, Wilson instituted Adversary Proceeding No. 03-3141 with this Court seeking a Judgment declaring that the debt owed by McKinley be excepted from discharge under 11 U.S.C. §523(a)(5) and §523(a)(15).

On October 26, 2004, this Court entered an Agreed Order submitted by McKinley and Wilson providing that the debt owed by McKinley to Wilson, in part, was excepted from discharge pursuant to 11 U.S.C. §523(a)(15). Under the Agreed Order, McKinley was to make monthly payments on the mortgage. McKinley defaulted on the Agreed Order in 2007. The default resulted in further proceedings in the Circuit Court to compel McKinley to pay according to the Agreed Order.

On April 21, 2008, the Circuit Court entered an Order requiring McKinley to resume payments in order to effect an "equitable division of the parties' marital property . . .". The Circuit Court determined that the debt was not discharged pursuant to 11 U.S.C. §523(a)(15). The Circuit Court entered a Judgment in Wilson's favor on May 23, 2008, incorporating the Circuit Court's Order of April 21, 2008. On August 21, 2008, Wilson filed a Notice of Judgment Lien in the amount of $5,733.05 on real estate owned by McKinley at 2524 Grand Avenue, Louisville, Kentucky.

On November 12, 2008, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On December 11, 2008, Wilson filed a Proof of Claim based on a Judgment Lien on McKinley's real estate with an unsecured amount of $19,287.50 and a secured claim in the amount of $3,434.12. The Proof of Claim lists the debt as a priority claim under 11 U.S.C. §507(a) and states it is "non-dischargeable – See, U.S.C. §523(a)(15)."

On November 20, 2008, Debtors filed their Motion to Avoid the Lien of Wilson on the Property in the amount of $5,733. The Motion assigns a value of $100,000 and a mortgage of $78,644.39. The Debtors claimed an exemption of $20,150 on the Property.

On December 22, 2008, Debtors filed their Objection to the secured portion of Wilson's Proof of Claim No. 2 and the priority status of the claim. Debtors proposed to avoid the lien in their Chapter 13 Plan.

## **CONCLUSIONS OF LAW**

On November 20, 2008, Debtors filed a Motion to Avoid Lien on Wilson's Judgment lien in the amount of $5,733 pursuant to 11 U.S.C. §522(f). Debtors' Chapter 13 Plan provides for avoidance of Wilson's Judgment lien. This Court does not avoid liens in Chapter 13 cases, but does permit lien stripping. Since there is no equity in the real estate, the Judgment lien of Wilson is properly stripped.

Debtors also object to Wilson's claim whereby she seeks to have her claim classified as a priority claim as a domestic support obligation. The claim was previously determined to be nondischargeable pursuant to 11 U.S.C. §523(a)(15) and is not entitled to priority as a domestic support obligation. The adversary proceeding filed in McKinley's Chapter 7 case determined that the claim at issue was nondischargeable pursuant to 11 U.S.C. §523(a)(15). The parties entered into an Agreed Order in A. P. No. 03-34021 classifying the claim as such and resulting in dismissal of the proceeding. Under the interrelated doctrines of *res judicata* and collateral estoppel, a final judgment on the merits of an action precludes the parties or those in privity with them from relitigating the issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94 (1980). It is well established that a voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect. Warfield v. Allied Signal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir. 2001). In the adversary proceeding, the parties agreed that the claim

would be classified as nondischargeable under 11 U.S.C. §523(a)(15). That finding is *res judicata* in this action.

The determination of nondischargeability pursuant to 11 U.S.C. §523(a)(15) is significant in this Chapter 13 case. While §523(a)(15) is an exception to discharge for debts arising from a divorce, that exception is broad and applies only to obligations that are not domestic support obligations. Debts that fall within the purview of 11 U.S.C. §523(a)(15) do not give the ex-spouse creditor a priority claim. In re Boller, 393 B.R. 569 (Bankr. E.D. Tenn. 2008). Debts that come within this exception will be discharged if the debtor completes a Chapter 13 plan. See, In re Westerfield, 2009 W.L. 613161 (Bankr. E.D. Tenn. 2009).

These principles are well stated in the case, In re Sprouse, 2008 W.L. 544999 (Bankr. D. Neb. 2008):

> Obligations which would define – 'domestic support obligations' under 11 U.S.C. §523(a)(5) are excepted from discharge in a Chapter 13 case by virtue of §1328(a)(2). To paraphrase the statute, 'domestic support obligation' is defined in 11 U.S.C. §101(14A) as a debt owed to former spouse in the nature of alimony, maintenance or support of such former spouse established before the petition date by a divorce decree or property settlement agreement.
>
> In contrast to the non-dischargeability of a domestic support obligation, a debt to a former spouse that is not in the nature of support, described in 11 U.S.C. §523(a)(15), which would be non-dischargeable in a Chapter 7 case is dischargeable in a Chapter 13 case. That is because 11 U.S.C. §1328(a)(2) does not include §523(a)(15) in the exception to discharge provision.

The determination of whether the debt at issue is a debt arising under §523(a)(15) was determined in the adversary proceeding and is *res judicata* between these same parties. The Court will not relitigate this issue and the debt is dischargeable in this Chapter 13 case.

Accordingly, the objection to the secured amount of Wilson's Proof of Claim No. 2 is sustained.  Further, the Motion to Avoid the Judgment Lien (lien stripping) of Wilson on the property meets the statutory framework of 11 U.S.C. §522(f)(2)(A) and In re Brinley, 403 F.3d 415 (6th Cir. 2005).  There is no equity in the Property and it is therefore stripped.  Wilson's lien impairs Debtors' exemption.

## CONCLUSION

For all of the above reasons, the Motion to Avoid Judgment Lien of Debtors Ronald McKinley and Denise Mechelle McKinley is **GRANTED** and the Objection to Claim No. 2 is **SUSTAINED**.  An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  June 10, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
RONALD MCKINLEY ) CASE NO.: 08-35040(1)(13)
DENISE MECHELLE MCKINLEY )
 )
  Debtors )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Debtors' Motion to Avoid Lien of Martha Williams Wilson, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Debtors' Objection to Claim No. 2 of Creditor Martha Williams Wilson, be and hereby is, **SUSTAINED** as to the secured amount of the claim and the fact that it is not a priority claim pursuant to 11 U.S.C. §507(a)(1). Wilson's unsecured claim, however, is unaffected by Debtors' Objection.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 10, 2009